William L. Gavras, Esq.
LAW OFFICES OF WILLIAM L. GAVRAS
A Professional Corporation
101 Salisbury Street
Dededo, Guam 96929
Telephone:  632-4357
Facsimile:   632-4368

Attorney for Defendant
JAMES DAMASO

IN THE DISTRICTCOURT

OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: CR 19 - 34 |
| Plaintiff, | |
| vs. | DEFENDANT'S TRIAL BRIEF |
| JAMES RUMBAUA DAMASO, | |
| Defendant. | |

Comes Now Defendant, by and through counsel, and for his Trial Brief, states as follows:

Defendant intends to hold the Government to its burden of proof as to each element of its case.

In response to that part of the Government's Trial Brief addressing Statements of Non-Testifying Agents the Government asserts that agents may testify under the present-sense impression exception to Rule 803(1).  Government's Brief p. 11. Defendant will hold the Government to Rule 803(1)'s the foundational requirement that the testifying witness knows that the declarant was in fact contemporaneously witnessing the events in question. *See, United States v. Gill*, 58 F.3d 1414, 1422 (9th Cir. 1995).

The Government also asserts that out-of-court statements when offered to show how an investigation unfolded (rather than for the truth of the matter asserted) does not constitute hearsay. By definition, this is true. However, all such evidence must be analyzed under Rule 403's balancing test. *See, United States v. Reyes,* 18 F.3d 65, 70 (2d Cir.1994) (reversing defendant's conviction where the Government agent's testimony, received as background evidence to explain the investigation, was "probably not relevant and was certainly not important" while its prejudice was "considerable").

Respectfully Submitted,


/s/ William Gavras 9/20/21
William Gavras
Counsel for Defendant