# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES RUMBAUA DAMASO,<br><br>Defendant. | CRIMINAL CASE NO. 19-00034<br><br>ORDER |

Before the court is Defendant's Motion to Strike the Jury Panel and/or for Mistrial. *See* ECF No. 136. For the reasons stated herein, the motion to strike the jury panel is **GRANTED**.[1]

Jury selection began on October 21, 2021, for approximately 1.5 hours. The court then recessed for the day and set the continued jury selection to October 29, 2021. Defendant filed the instant motion alleging that the court erred when, during the *voir dire*, it read the indictment to the jury panel of prospective jurors. The indictment was also displayed on a big projector screen as well as on smaller screens around the courtroom, and it contained in part the following information:

> Before the defendant, JAMES RUMBAUA DAMASO, committed the
> offense charged herein, the defendant had a final conviction for a serious

---

[1] The court finds it unnecessary to hold an oral argument and therefore vacates the hearing set for November 8, 2021.

1

> drug felony offense. Specifically, the defendant was convicted in the District Court of Guam, on November 30, 2009, of Possession of Methamphetamine Hydrochloride with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1), in Case No. CR-09-00033-001, for which the defendant served a term of imprisonment of more than 12 months and for which the defendant's release from such term of imprisonment was within 15 years of the commencement of the instant office.

Indictment[2] at 1-2, ECF No. 6.

The law is well settled that "evidence of a defendant's prior crimes risks significant prejudice." *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). "Where a prior conviction was for [a crime] similar to other charges in a pending case, the risk of unfair prejudice would be especially obvious[.]" *Old Chief v. United States*, 519 U.S. 172, 186 (1997). Here, the alleged instant offense and the prior conviction are the same: possession of methamphetamine hydrochloride with intent to distribute. Although the court informed the panel that the indictment is not evidence, Defendant's prior conviction was disclosed to the panel. The court finds this to be unfairly prejudicial to Defendant, especially when the alleged instant offense and his prior conviction are the same.

Rather than striking the jury panel, the Government proposes that the court conduct additional *voir dire* and provide curative instructions. Opp'n. at 2-3, ECF No. 138. The court is unable to find a Ninth Circuit authority on point and neither party provided any. The Government provided the court with an unpublished opinion, *United States v. Pederson*, 40 Fed. Appx. 381 (9th Cir. 2020), but acknowledged it is nonbinding. In that case, the district court read the indictment, which mentioned the defendant's prior convictions, to the jury panel. The district court denied the defendant's motion to strike the panel, and the Ninth Circuit affirmed. It reasoned that "[t]he jury necessarily was required to know that [the defendant] had been

---
[2] The court notes that it was not necessary for the Government to include Defendant's prior conviction in the actual charge. The Government could have easily filed an information under Section 851 or included a separate notice section in the indictment.

convicted of a felony . . ." since the charges involved possession of a firearm by a convicted felon. *Id.* at 384. Even assuming that *Pedersen* was binding, the court finds it distinguishable because Defendant's prior conviction in the instant case is irrelevant to the elements of the offense charged.

Given that there is no authority on point within the Ninth Circuit, the court finds it best to err on the side of caution. Further, the total hours spent on jury selection was a little over 1.5 hours. As such, starting a new panel of prospective jurors will not extensively set this case back. The court **GRANTS** Defendant's motion to strike the current panel.[3] The court will reset the jury selection from November 9, 2021, to November 12, 2021, at 9:00 a.m. This will give sufficient time to summon a new panel of prospective jurors.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
Dated: Nov 04, 2021

---

[3] The court **DENIES** Defendant's motion for a mistrial and agrees with the Government that because a jury has not been impaneled and sworn, jeopardy has not attached. Therefore, a mistrial is not the proper remedy in this case.

3

Case 1:19-cr-00034  Document 141  Filed 11/04/21  Page 3 of 3